■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEPHEN LA MARNA, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County (Lakritz, J.), rendered November 16, 1981, convicting him, upon a jury verdict, of attempted murder in the second degree, rape in the first degree (three counts), sodomy in the first degree (two counts), unlawful imprisonment in the first degree and endangering the welfare of a child, and imposing sentence. Judgment modified, on the law, by reversing the conviction of attempted murder in the second degree and the sentence imposed thereon, and said count of the indictment is dismissed. As so modified, judgment affirmed. The first count of the indictment charged that defendant, while acting in concert with other persons on or about June 21, 1980, "with intent to cause the death of [the complainant], attempted to cause [her] death * * * by means of choking and beating her". Section 110.00 of the Penal Law states that "[a] person is guilty of an attempt to commit a crime when, with intent to commit a crime, he engages in conduct which tends to effect the commission of such crime". Thus, the Court of Appeals has noted that "it must first be established that the defendant acted with a specific intent; that is, that he intended to commit a specific crime" (*People v Bracey,* 41 NY2d 296, 300). Viewing the evidence in the light most favorable to the People (*People v Benzinger,* 36 NY2d 29) and inferring intent from defendant's conduct and the surrounding circumstances (*People v Bracey, supra*), we find that an intent to

murder was not proven beyond a reasonable doubt. Force was utilized as part of the effort to subdue and rape the complainant, but it is significant that she was not injured in a manner which was potentially fatal and was released by her assailants after the rape occurred. The threats were made *after* the choking and beating mentioned in the indictment were administered. In addition, if murder had been the intent, it does not appear that these acts " '[carried] the project forward within dangerous proximity to the criminal end to be attained' " (*People v Bracey, supra,* p 300, citing *People v Werblow,* 241 NY 55, 61). Thus, defendant's conviction of attempted murder in the second degree and the sentence imposed thereon must be vacated and that count of the indictment must be dismissed, although the evidence is ample to support the conviction of the defendant on the other counts. We have considered the defendant's other contentions and have found them to be lacking in merit. Mollen, P. J., Mangano, Thompson and Niehoff, JJ., concur.